NUMBER 13-99-342-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IN THE INTEREST OF J.R.B.N., A MINOR CHILD

___________________________________________________________________


On appeal from the 117th District Court

of Nueces County, Texas.

___________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Chavez and Rodriguez


Opinion by Justice Chavez

 This is an appeal from a suit terminating the parental rights of
appellant Jeremy Teak Palmer. The trial was to a court without a jury. 
We affirm.

 Appellant and Jessica Nelson, a minor, are the biological parents
of a baby born April 9, 1999. The baby is currently in foster care with
prospective adoptive parents in San Antonio. 

 By four issues, appellant questions the legal sufficiency of the
evidence used to terminate his parental rights and the legal sufficiency
of the trial court's finding that termination is in the best interests of the
child. In a legal sufficiency review, the reviewing court views the
evidence in the light most favorable to the party in whose favor the
judgment was rendered, and indulges every reasonable inference from
the evidence in that party's favor. See Merrel Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

 Termination of parental rights is a measure of such magnitude that
due process requires the petitioner to justify termination by clear and
convincing evidence. See Tex. Fam. Code Ann. § 161.206(a) (Vernon
1996). Termination proceedings should be strictly scrutinized, and
involuntary termination statutes are strictly construed in favor of the
parent. See Holick v. Smith, 685 S.W.2d 18, 20-21 (Tex. 1985).

 In proceedings to terminate the parent-child relationship brought
under section 161.001 of the family code, the petitioner must establish
one or more of the acts or omissions enumerated under subdivision one
of the statute and must prove that termination is in the best interests
of the child. See Tex. Fam. Code Ann. § 161.001 (1),(2) (Vernon 1992);
Richardson v. Green, 677 S.W.2d 497, 499 (Tex. 1984).

 In this case, the petition for termination alleged five of the eighteen
grounds listed in § 161.001 (1) of the family code. The allegations were
that Appellant:


1. voluntarily left the child alone or in the possession of another
without providing adequate support for the child and remained
away for a period of at least six months;


2. engaged in conduct or knowingly placed the child with persons
who engaged in conduct that endangers the physical or emotional
well-being of the child;


3. voluntarily, and with knowledge of the pregnancy, abandoned the
child's mother beginning at a time during her pregnancy with the
child and continuing through the birth, failed to provide adequate
support or medical care for the mother during the period of
abandonment before the birth of the child, and remained apart
from the child or failed to support the child since birth;


4. used a controlled substance(1) in a manner that endangered the
health or safety of the child and failed to complete a court-ordered
substance abuse treatment program; and 


5. knowingly engaged in criminal conduct that results in his
imprisonment and inability to care for the child for not less that
two years from the date of the filing of the termination petition.


See Tex. Fam. Code Ann. § 161.001 (1)(C),(E),(F),(P),(Q) (Vernon Supp.
2000). 

 The evidence produced at trial showed that appellant is now in
prison because of multiple parole violations. Imprisonment alone does
not meet the threshold necessary to prove a ground for termination, but
may be included with other evidence to prove this ground for
termination. Texas Dep't of Human Serv. v. Boyd, 727 S.W.2d 532,
534 (Tex. 1987). 

 Other evidence produced at trial showed that appellant drank
alcohol excessively; encouraged Nelson to smoke marijuana while
pregnant; used marijuana, LSD, cocaine, and crystal
methamphetamine; exposed the baby to marijuana smoke while he was
a fetus; stalked Nelson; encouraged her to drop out of high school;
coerced her with his violent temper; sliced his wrists in a suicide
attempt in her presence; threw her against a wall while she was
pregnant; ran up bills in Nelson's name that were greater than the
amounts of money that he provided for her support; failed to complete
court-ordered substance abuse programs; did not assist in the payment
of her medical bills, maternity clothing, or other costs of pregnancy;
sold drugs out of her apartment; was involved in other criminal
schemes; and brought friends into her apartment who used drugs, ate
the small amounts of food she had in the apartment, and stole her
personal belongings. There is ample evidence to support the trial
judge's finding on grounds three and four. See Tex. Fam. Code Ann. §
161.001 (1),(2) (Vernon 1992)
. We therefore overrule appellant's
contention that the evidence used to prove the allegations in the
termination petition was legally insufficient.

 In determining the best-interests of a child, a trial court is guided
by the following non-exclusive list of factors: 1) the desires of the child;
2) the emotional and physical needs of the child now and in the future;
3) the emotional and physical danger to the child now and in the future;
4) the parental abilities of the individual seeking custody; 5) the
programs available to assist these individuals to promote the best
interests of the child; 6) plans for the child by the individual seeking
custody; 7) the stability of the home or proposed placement; 8) the acts
or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and 9) any excuse for the acts or
omissions of the parent. See Holly v. Adams, 544 S.W.2d 367, 372
(Tex. 1976).


 The child is still a baby, and therefore is obviously too young to
contemplate a desired placement. A baby requires twenty-four hour
care; the appellant is in prison and cannot provide for the child. 
Appellant abused the child's mother while she was pregnant and
showed extreme irresponsibility in the personal and financial decisions
he made while a prospective father. Appellant provided no proof of any
knowledge of or any attempt at utilization of programs available to help
him raise the child. He has failed to complete the substance abuse
programs required of him by a court. Since the father is in prison, a
foster family has raised the child. They are a stable couple who wish
to adopt two children and have a family. The adoptive father is an
attorney; the adoptive mother currently is a full-time homemaker for the
child. Both have substantial ties to the civic life in their community and
wish to be extremely active parents in the child's life. Appellant
provided the court with no excuse for the acts and omissions he chose
to make, and we see none. We find no error in the trial court's decision. 
Appellant's four issues on appeal are overruled.

 The judgment of the trial court is AFFIRMED.

 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 29th day of June, 2000.

1. See Tex. Health & Safety Code Ann. § 481 (Vernon 1992 &
Supp. 2000)